IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUANITA MYERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:21-cv-02090-BT |
| § | |
| WALMART INC., § | |
| § | |
| Defendant. § | |

# **MEMORANDUM ORDER**

Defendant Walmart Inc. has filed a Motion for Summary Judgment in this removed premises liability case, in which it argues "the only issue to be decided by the Court" is whether Plaintiff Juanita Myers's alleged injuries were caused by a "hidden or concealed" condition of which Walmart had actual or constructive knowledge.[1] Mot. 4-5 (ECF No. 25). The summary judgment evidence—when viewed favorably to Myers—is sufficient to raise a genuine fact issue as to (i) whether Walmart knew of the puddle on the floor in an aisle at one of its Dallas stores on November 10, 2019, that allegedly caused Myers to slip and fall, injuring her shoulder and (ii) whether that puddle posed an unreasonable risk of harm. Therefore, the Court DENIES Walmart's Motion for Summary Judgment. If the

---

[1] In its reply, Walmart argues the Court's summary judgment inquiry "can be pared down to *two* simple questions." Def.'s Reply 1 (emphasis added). But the Court does not consider arguments raised for the first time in a reply brief. *See Perez v. Bruister*, 823 F.3d 250, 273 n.31 (5th Cir. 2016).

1

parties do not settle their dispute at mediation on or before January 6, 2023, they will try this case to a jury beginning February 6, 2023. Order (ECF No. 28).

I.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins.*, 784 F.2d 577, 578 (5th Cir. 1986)). The Court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

If there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion. *Id.* at 250.

II.

Texas law applies to removed lawsuits—like this one—asserting "ordinary negligence, gross negligence, and premises liability claims." *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 195-96 (5th Cir. 2014) (per curiam). To succeed on her premises liability claim under Texas law, Myers must prove that: (1) the property owner—Walmart—had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) Walmart failed to take reasonable care to reduce or eliminate the risk; and (4) Walmart's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of Myers's injuries. *Henkel v. Norman,* 441 S.W.3d 249, 251-52 (Tex. 2014) (per curiam) (citing *CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 99 (Tex. 2000)). Walmart argues that Myers lacks sufficient evidence to prove her case. But Myers has adduced sufficient evidence to withstand summary judgment.

Specifically, Myers testified at her deposition that she slipped on a puddle of "clear, white liquid" on the floor, Def.'s Mot. Summ. J. App. 6 (ECF No. 26), and she submitted "a photo of the scene," which depicts a clear, wet spot on a white tile floor. *Id* at 11. (ECF No. 31). The puddle appeared in a well-lit, open aisle in a highly trafficked area referred to as "action alley." Carter Dep. 16:3-12. Myers further testified that, after she fell, she overheard a Walmart employee state, "I thought

3

they got that up." Def.'s Mot. Summ. J. App. 8, 9. Myers points to deposition testimony from a Walmart employee that a puddle like the one Myers claims caused her fall would be considered dangerous. Carter Dep 15:2-17; Smith Dep. 12:23-25. Indeed, the Walmart employee explained that if she had seen this puddle, protocol requires her to stand over the puddle until she can clean it. Carter Dep 15:18-25. Myers claims that she injured her shoulder as a result of the fall. Myers Dep. 33:16-22. Three Walmart employees observed her on the floor after her fall and noted that she was complaining of pain in her right arm and shoulder. *See* Ex. F (Roman Witness Statement); Ex. G (Smith Witness Statement); Ex. H (Carter Witness Statement). Myers was transported from the store to the hospital and later received a total right shoulder replacement. Pl Br. 3; *see also* Myers Dep. 33:18-22. Contrary to Walmart's arguments, this evidence—when viewed favorably to Myers—is sufficient to raise a genuine dispute as to each of the elements of her premises liability claim.[2]

The gravamen of Walmart's argument is that the condition allegedly posing an unreasonable risk of harm—the puddle—was not hidden or concealed and, thus, it had no duty to warn or protect Myers from the condition. *See* Mot. 7. Texas courts typically characterize a premises owner's duty as "a duty to make safe or warn of

---

[2] Because the Court is denying rather than granting summary judgment, it will not set out in excruciating detail all the evidence that creates a genuine issue of material fact. *See Valcho v. Ball. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 812 n. 8 (N.D. Tex. 2009) (Fitzwater, J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n. 25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee." *Austin*, 465 S.W.3d at 202. Generally, an open and obvious condition is so plainly apparent that an invitee will be charged with knowledge and appreciation of the danger. *See Goodson v. Southland Corp.*, 454 S.W.2d 823, 827 (Tex. App.—El Paso 1970, writ ref'd n.r.e.). In such situations, the owner is not in a better position to discover the risk, and "the law presumes that invitees will take reasonable measures to protect themselves." *Austin*, 465 S.W.3d at 203.

Here, Walmart relies on Myers's admissions that the puddle appeared in a well-lit, open aisle, and it was not "concealed" or "obstructed" from view. Mot. 5-6; Resp. 4-5. But whether a condition was visually unobstructed is only one of several factors courts consider when determining whether the condition was "open and obvious." In addition to examining whether the condition was concealed or obscured, courts consider whether the condition was "visibly distinguishable from the floor and other surroundings" and whether a person "reasonably attentive to his surroundings" would have spotted the condition. *Sauls v. 24 Hour Fitness USA, Inc.*, 2022 WL 296051 at *3 (N.D. Tex. Feb. 2, 2022). And most courts place particular emphasis on the contrast between the condition and its background. *See Rincon v. Home Depot USA, Inc.*, 2014 WL 6118406 (N.D. Tex. Nov. 15, 2019) (Starr, J.); *Turner v. Samsung SDS America, Inc.*, 2020 WL 1083601 (N.D. Tex. March 5, 2020) (Brown, J.); *Hughes v. Kroger*, 2016 WL 3390510 (N.D. Tex. March 4, 2016) (Lynn, J.); *Robles v. Ross Stores, Inc.*, 2017 WL 2306527 (N.D. Tex. May 26, 2017) (Boyle, J.).

In this case, there is at least a fact question as to whether the clear puddle on a white tile floor was not open and obvious. *See e.g., Mosley v. Kroger Texas LP*, 2021 WL 857059 at \*2 (N.D. Tex. Mar. 8, 2021) (Lynn, J.) (holding that a white puddle did not contrast with the white floor and was therefore not open and obvious); *Hernandez v. Wal-Mart Stores Texas*, LLC, 2017 WL 9291961 at \*5-6 (W.D. Tex. Aug. 1, 2017) (holding that a clear puddle, located in an interior portion of the store, was not open and obvious); *see also Jefferson Cty. v. Akins*, 487 S.W.3d 216, 229 (Tex. App. 2016) (holding that water on the floor is an unreasonably dangerous condition); *Wal-Mart Stores, Inc. v. Sparkman*, 2014 WL 6997166 at \*3 (Tex. App – Fort Worth Dec. 11, 2014) (same).

Walmart also argues that Myers lacks evidence of proximate cause. But Myers provided her own sworn testimony that the fall caused her shoulder injury, Pl. Br. Ex. E, as well as incident reports from Walmart employees acknowledging that they saw Myers on the floor, crying in pain, after falling. *See* Pl. Br. Ex. F-H. And Myers left Walmart for the hospital in an ambulance. Pl. Br. 7; Myers Dep. 23:8-10. Thus, there is at least circumstantial evidence sufficient to raise a fact issue with respect to causation. *Leffall v. The Kroger Co.*, 2005 WL 645219, at \*3 (N.D. Tex. Mar. 18, 2005), *rec. adopted*, 2005 WL 1313417 (N.D. Tex. May 31, 2005) (holding plaintiff's testimony and observations of an eyewitness are sufficient to create a fact issue as to whether display erected by defendant caused plaintiff's fall).

To the extent Walmart argues that Myers claim fails because she has no expert medical testimony establishing causation, Def. Reply Br. 3, this is a new argument Walmart makes for the first time in its reply. Generally, arguments made for the first time in a reply are not appropriate for consideration. *Perez v. Bruister*, 823 F.3d 250, 273 n.31 (5th Cir. 2016) ("This court will not consider arguments raised for the first time in a reply brief.") (citing *Wright v. Excel Paralubes*, 807 F.3d 730, 736 (5th Cir. 2015)).

III.

After considering the briefs, evidence, and authorities, the Court **DENIES** Walmart's Motion for Summary Judgment.

SO ORDERED

Signed October 25, 2022

                                                          REBECCA RUTHERFORD
                                                          UNITED STATES MAGISTRATE JUDGE